May it please the Court, my name is Lyle Powgan, attorney for opponents Robert and Heather Wolcoff. With me at Council's table is my colleague, Tom Gingras. I'd like to reserve a few minutes more time for rebuttal. Your Honors, this appeal is about three interrelated issues. Whether the District Court erred in failing to find that the United States owed a non-delegable duty to Robert Wolcoff in the operating room when Robert Wolcoff did not choose his position in A&MC and he looked to that institution rather than any one position for his medical care. Two, whether the District Court erred in failing to certify the question of non-delegable duty to the Alaska Supreme Court. Three, whether the District Court erred in excluding the Wolcoff's claims of negligent supervision, negligent assistance, Dr. Yo's prior malpractice claims, and Dr. Jensen's affidavit. Could you start, though, by addressing the impact of our case in MJ, which interpreted non-delegable duties under Alaska laws, meaning vicarious liability, which wouldn't give us jurisdiction under the FTCA? I think in that case, I think that case is an opposite, as cited by the government. Consistent with our briefing, in MJ, the court found that there was no non-delegable duty. It didn't even really need to reach the issue of non-delegable duty because it found that the city was immune because the tribal police officer in that case himself was immune and that immunity attached to the city. In this case, there's no similar set of facts. But didn't the immunity attach because it was a vicarious, they interpreted the non-delegable duty standard under Alaska law as meaning vicarious liability, so the government entity wasn't liable? That is true. I see that MJ is out of line with the cases such as Powers, Fletcher, and Ward, which deal with non-delegable duty in a hospital setting. But this isn't the ultimate question here for us, really not whether for purposes of the Federal Tort Claims Act, this theory, if it exists, is a vicarious liability theory, which it appears to be. Well, you have to look to state law, and I would say, if you look at the evolution of the cases, in Jackson v. Power, non-delegable duty for doctors in operating rooms. In Ward, clearly, vicarious liability. What does that mean if it isn't vicarious? Well, it's under Fletcher, the case that we rely upon on our briefs. There's an exception carved out, I guess there's a footnote that refers to whether a non-delegable duty would attach to a hospital in the case of a patient who looks to the institution for care. Well, let's assume that now. But why isn't that a vicarious liability theory for purposes of the Federal Tort Claims Act? For purposes of the Federal Tort Claims Act, I guess what I'm arguing in my briefing is that the issue hasn't even been decided yet. But there's no reason to decide it. If you were right, it would still not support a Federal Tort Claims Act cause of action. But it would, depending on what the Alaska Supreme Court would rule on that. Well, I think the conclusion is that the Alaska Supreme Court has their non-delegable duty theory, which we've termed vicarious liability, based on some things that the Alaska Supreme Court has said, and they apply that in the emergency room setting. They've hinted that it might be applicable in the operating room setting, and they may extend it to the operating room setting. But that is irrelevant to us as a Federal Court, because regardless of the scope, if it's a form of vicarious liability, which we've already held, then it's unapplicable under the FTCA. So the scope of the non-delegable duty is irrelevant to us if it's vicarious liability, which is what we've held. So I guess the question for you is, we held MJ was a form of vicarious liability. Why isn't that applicable, equally applicable here, given that MJ cited Fletcher in those Because I think that under the facts of Fletcher, under that footnote, the Fletcher Court obviously thought that particular set of circumstances was exceptional, and the Alaska Supreme Court hasn't ruled on that issue. But MJ held that it's vicarious, so even if MJ is wrong about that, it's not binding on us. It's a prior Ninth Circuit opinion interpreting Alaska State law. It's the law of the circuit. We're a three-judge panel. We can't overrule it. I think under different facts. I think it's under different facts from the facts of this case and the facts of Fletcher, which It said it's vicarious, right? It did say it's vicarious. It cited Fletcher. It says, see also Fletcher discussing non-delegable duty doctrine using vicarious liability terminology. So it expressly relied on Fletcher to support its conclusion that the non-delegable duty theory was one of vicarious liability. So how can we get away from that? Because we can get away from that because it hasn't been addressed by the Alaska Supreme Court on the facts in Fletcher. When a patient goes to a hospital in Alaska and is routed to a physician, not of his choosing or her choosing, and that patient looks to the institution rather than any one physician for their care, it's possible that given the line of cases up until Fletcher, there could be something other than vicarious liability in that particular, it could be a three-direct liability. We don't know because it hasn't been addressed yet by the Alaska Supreme Court. You would have to allege something that gave rise to the direct liability. So that leads me to another question. I think you said here, or at least you said in your briefs, that there may be a negligent supervision or some other negligent hiring sort of cause of action. The district court specifically said there isn't one. So why is that? Did you try to amend the complaint to add it or what? No, we did not. So it's not here. There isn't any. Well, I would say that any claim of negligent supervision is subsumed within this theory of non-delegable duty. Employees of ANMC fail to adequately supervise. Well, if it's non-delegable, then it doesn't matter if you're negligent or non-negligent. The difference is that if you have a negligent supervision theory, then you have at the hospital level somebody doing something, as opposed to simply a non-delegable duty, meaning if the independent contractor does something wrong, the hospital is liable, which is what makes it vicarious. So it's a key difference for purposes of the Federal Court of Claims Act. And I think that in that situation, there would be liability under the FDCA. Because... In which situation? In the situation, as we're alleging in our briefing, with regard to non-delegable duty. As you said, at the hospital level, if you have somebody doing something wrong, somebody doing something or somebody failing... But the non-delegable duty theory doesn't depend on anybody doing anything wrong. It's non-delegable. It depends... Under the cases, it relies on employees of the government doing something wrong, an act of failure to do something or not to do something, or doing something. With regard to a non-delegable duty? Yes. I thought that's how you get to the independent contractor, is that... So if the independent contractor does something wrong in the emergency room, then the hospital can be held liable under the Alaska's theory of vicarious liability. So it doesn't matter whether it's an employee of the hospital or not. I thought that was the point of that line of Fletcher and that line of cases. That is, but that's not what we're arguing in this case. Okay. And here, there was an independent contractor, this Dr. Yost... Yes. ...who allegedly committed malpractice. And so under Alaska state law, the hospital can be held liable under this vicarious liability theory. But because you didn't assert that the hospital itself did anything negligent until your trial brief, I guess, and as you agreed, you did not end the complaint, then it doesn't seem like it's before us here, a theory of direct liability of the hospital. It is in the briefs, I believe it is, the way that I briefed the issue. Employees of ANC, plaintiffs or the appellants in this court are alleging, failed to adequately supervise Dr. Yost... But I thought you just told me there was no such theory in the case. That is the theory of non-delegable duty. They had a duty to supervise her that they could not delegate. Or I guess more specifically, they had a duty to provide Robert Wolkoff with non-negligent medical care. They could not delegate that duty to... Which are two completely different things that you just said in one sentence. Okay. There's a difference between they have a duty to, a non-delegable duty to provide him with non-negligent care. Whether they knew about it or not, whether they were negligent or not, whether they had any reason to know it was negligent care or not, versus they were negligent with regard to whether they were providing him with negligent care. Could you repeat that? I'm sorry. I'm afraid I'm not... No, I think I won't. Okay. All right. I think what our concern is here is that the complaint didn't allege that the hospital was directly negligent. And although you now are arguing on appeal that the state law theory of non-delegable duty includes a direct negligence type component, that's not what we held in MJ. So we're not able to go with you on that point. We held that that theory of state law is vicarious liability. Okay. We held that the United States can't be held liable, vicarious liability. That's pretty well established as well. And you don't have anything, you don't have any complaint alleging negligence on the part of the United States based on supervision. So you're out of that theory. Not based on supervision, but in our complaint we did allege that A&MC and the United States was liable for acts of employees of the United States for A&MC. Right. Yeah. And your theory for doing that is this theory of state law, which is vicarious liability because the doctor was an independent contractor. So it seems to me that you're blocked in either direction. I would still disagree with you on that. I don't know. I know that you don't think I'm making any headway here. But we are not alleging that the negligence of an independent contractor, Dr. Yost, goes up the chain to A&MC and the United States. And I guess that it is some kind of theory of vicarious liability. We are arguing that it was the failure of the employees at A&MC to adequately supervise Dr. Yost. And where is that in your complaint? Negligent supervision is not in the complaint specifically. Okay. So then it's not in the complaint. It's not in the case. That's, you know, you might apply that. I don't know. But you have to actually allege they did something that was negligent in supervision, but you have to allege it. It has to be there in the complaint. You can't say you can't start out with a complaint that suggests vicarious liability and then in the middle convert it to something else. That's why you have motions to amend the complaint. The United States gets a chance to respond to that, right? Sure. Absolutely. Okay. Thank you. May it please the Court. I'm Dana Karasong for the United States. I'm happy to answer any questions that the Court has, but if there are no questions, I'll rest on my briefs. Well, here's my key question, my question. Presumably if Arizona allows a non-dedicable duty theory where the hospital, at the hospital level, the hospital's officials didn't do anything wrong with regard to the person who actually committed the tort, then it would also allow a theory in which there was some default on the part of the hospital officials, i.e. of a negligent hiring or negligent supervision to soar, right? Presumably that would be a viable theory under STAT law. Yes. Alaska actually addresses those things separately. It doesn't put it under the heading of non-dedicable duty. It calls that a direct liability claim. And you saw that in Fletcher in footnote 24. It says, you know, under some state laws there are some direct liability things that come in under non-dedicable duty. We're not addressing that under non-dedicable duty under our law. That's a direct liability theory, and I talked about that at the end of the opinion. The question is, was that kind of a theory alleged in the complaint here and or sought to be added to the complaint at any point? No, Your Honor. That theory didn't come up until the pretrial brief two weeks before trial. Prior to that, plaintiffs had said that there was the ANC, the medical center, was liable. But when asked why, they pointed to their expert report, which, you know, dates back to 2008, and just said that the surgeon was negligent in the way she conducted the proceeding, that they should have done various things differently. And they didn't say anything about a failure to supervise, anything about a failure on the part of the hospital separate from what happened in that surgery. But they did in the pretrial report, and then what happened? So they put it in their pretrial brief two weeks before trial. The United States objected. And the district court, using its discretion to manage its docket and to enforce these deadlines, said, I'm not going to allow that in. So it certainly wasn't an abuse of discretion for the district court four years into this litigation, two weeks before trial, to say, no, we're not going to allow that new theory. Long after discovery closed, right? Long after discovery closed, yes, and even longer after both parties were required to say what their experts were going to say in testimony so that the other side could prepare to respond to that in discovery. So really the only thing that's properly before the court is this vicarious liability claim, and that under the FTCA, that claim simply can't fly. If there are any further questions. Thank you. Thank you. Your Honor, it's come to my attention that we did indeed allege in our complaint that A&MC and the United States breached their duty of care that would have included negligent supervision and failure to take precautions to supervise Dr. Yost. But the district court then declined. Was the account accurate as to what happened to that claim? I.e., it wasn't pursued until two weeks before trial. That is true. So essentially it all comes down to you have to be challenging the district court's discretionary decision not to allow that claim to go forward. Yes. And did you challenge that in your brief as such in that context? I believe so, yes. I'd also like to point out, going back to this issue of supervision of Dr. Yost, no supervision of Dr. Yost is inadequate supervision when there's no record of any hospital employees having supervised Dr. Yost. When she had a prior record of malpractice and disciplinary history, it's almost like race. It speaks for itself. So with that, do you have any more questions? Okay. Thank you. Thank you. Thank you, Judge Asagi. We'll stand submitted.
judges: Kozinski, Berzon, Ikuta